426-15

ORIGINAL

In the Court of Criminal Appeals

NO: 11-13-00103-CR

LETICIA GONZALES VENEGAS, Appellant

vs.

THE STATE of TEXAS, Appellee

On Appeal from the 161st District Court
Ector County, Texas
Trial Court Cause No. B-37,032

PETITION for DISCRETIONARY REVIEW

By:
LETICIA GONZALES VENEGAS,
Appellant pro se
TDCJ Offender No. 1863087
TDCJ-ID SAN SABA UNIT
206 S. Wallace Creek Rd.
San Saba, Texas 76877

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 22 2015
Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS
MAY 22 2015
Abel Acosta, Clerk

# TABLE of CONTENTS

COVER PAGE _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 1

TABLE of CONTENTS _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 2

INDEX of AUTHORITIES _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 3

STATEMENT REGARDING ORAL ARGUMENT _ _ _ _ _ 5

STATEMENT of the CASE _ _ _ _ _ _ _ _ _ _ _ _ _ 5

STATEMENT of PROCEDURAL HISTORY _ _ _ _ _ _ _ 5

GROUNDS for REVIEW _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 6

ARGUMENT _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 6,7

PRAYER _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 7

APPENDIX _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 7

CERTIFICATE of SERVICE _ _ _ _ _ _ _ _ _ _ _ _ 8

# INDEX of AUTHORITIES

1. Ex parte Carmona
   185 S.W. 3d 492, 495 (Tex. Crim. App. 2006) _ _ _ _ _ 6

2. Ford v. State
   488 S.W. 2d 793, 795 (Tex. Crim. App. 1972) _ _ _ _ _ 6

3. Gagnon v. Scarpelli
   411 U.S. 778, 786, 93 S.Ct. 1756 36 L.Ed. 2d 656 (1973) _ _ 6

4. Joseph
   3 S.W. 3d at 639; at 640 _ _ _ _ _ _ _ _ _ 6

5. Reasor
   281 S.W. 3d at 136 _ _ _ _ _ _ _ _ _ _ 6

NO: 11-13-00103-CR

---

## IN THE COURT of CRIMINAL APPEALS
## STATE of TEXAS

---

LETICIA GONZALES VENEGAS,
Appellant

vs.

THE STATE of TEXAS,
Appellee

---

## PETITION for DISCRETIONARY REVIEW

TO THE HONORABLE JUSTICES of SAID COURT:

COMES NOW, LETICIA GONZALES VENEGAS, Appellant pro se, and submits this Petition seeking a review of the decision of the court of appeals by the Court of Criminal Appeals of Texas in the above styled and numbered cause of action. Ms. Venegas will be referred to as "Appellant", and "Appellee" will be referred to as "State". Appellant, without her attorney, has not been afforded an opportunity to review the record in its entirety, and all statements contained herein are based on the Appellant's review of person records of Briefs and Memorandum Opinion previously filed under this cause.

4

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

## STATEMENT of the CASE

Appellant was indicted on February 22, 2010 for Possession of a Controlled Substance, Cocaine, with Intent to Deliver, Four Grams or More but Less Than Two Hundred Grams. Appellant was placed on seven (7) years deferred adjudicated probation and assessed a one thousand dollar ($1,000.00) fine and court costs on May 12, 2012 as a plea agreement. On July 12, 2012 the State filed a motion in the trial court to revoke probation with claim that Appellant violated three (3) conditions of probation. Said motion was amended on July 13, 2012. A hearing was held for adjudication. Appellant was found guilty, and a sentence of fifteen (15) years imprisonment in the Texas Department of Criminal Justice-Institutional Division was imposed by the trial court. Appellant respectfully requests the Court of Criminal Appeals grant a discretionary review in in this matter.

## STATEMENT of PROCEDURAL HISTORY

On March 12, 2015 an opinion was handed down by the Eleventh Court of Appeals affirming the judgment of the trial court. To the Appellant's knowledge, no motion for rehearing has been filed.

# GROUNDS FOR REVIEW

1. Due Process Violation. Appellant's right to due process was violated when the trial court failed to present to Appellant a written Finding of Facts and Conclusions of Law upon a timely request made by Appellant. *See Ex parte Carmona*, 185 S.W. 3d 492, 495 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756 36 L. Ed. 2d 656 (1973))

# ARGUMENT

1. "The trial court expressly stated in its judgment that it was revoking Appellant's community supervision based upon its determination that Appellant violated Rules (a), (b), and (k) as alleged in the States amended motion to adjudicate. Thus, in its judgment, the trial court disclosed the grounds for revocation. Accordingly, the trial court was not required to issue separate findings. *Reasor*, 281 S.W. 3d at 136; *Joseph* 3 S.W. 3d at 640". — (Memorandum Opinion pg.4. *See Apendix*) The Justices in the Eleventh Court of Appeals overruled this issue previously raised by Appellant. However, the failure to make the requested findings may require reversal if their omission impedes appellate review of the revocation. *Joseph*, 3 S.W. 3d at 639 (citing *Ford v. State*, 488 S.W. 2d 793, 795 (Tex. Crim. App. (1972)) The judgment of the trial court merely listed the headings which are used to itemize the various conditions of probation. What are Rules (a), (b),

and (k)? The Finding of Facts and Conclusions of Law was necessary to fully disclose the nature of the alleged violations. In no way did the judgement of the trial court fully disclose, in detail the actual conditions of probation the Appellant allegedly violated, which would be needed for accurate appellate review. Therefore, appellate review was impeded by failure of the trial court to present a separate finding upon Appellant's timely request.

## PRAYER

Appellant prays this Court consider and grant a review of the decision of the court of appeals in this matter.

Respectfully Submitted,

_____

LETICIA GONZALES VENEGAS,
APPELLANT PRO SE
TDCJ OFFENDER NO. 1863087
TDCJ-ID SAN SABA UNIT
2016 S. WALLACE CREEK RD
SAN SABA, TEXAS 76877

## APPENDIX

Attached is a copy of the Memorandum Opinion of the court of appeals as required by Rule 68.4 (i) of the Texas Rules of Appellate Procedure. The attached copy is the only copy Appellant has for her personal records. Appellant requests that copies be made by the clerk of court and this copy be returned to her.

Appellant is incarcerated and unable to make and forward copies herself.

7

# CERTIFICATE of SERVICE

I certify that on this __18__ day of __May__, 2015, a copy of the foregoing Petition for Discretionary Review was sent via U.S. Mail, first-class, postage prepaid to the following:

Per a letter from Appellant's attorney, Mr. Raymond K. Fivecoat, the original and eleven copies must be sent to the Clerk of the Court of Criminal Appeals

Mr. Abel Acosta
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

Rule 68.11 of the Texas Rules of Appellate Procedure states that additional service must be made on the

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

Leticia Gonzales Venegas,
Appellant pro se

8



In The

# Eleventh Court of Appeals

No. 11-13-00103-CR

## LETICIA GONZALES VENEGAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 161st District Court

Ector County, Texas

Trial Court Cause No. B-37,032

## MEMORANDUM OPINION

Leticia Gonzales Venegas pleaded guilty in May 2012 to possession of cocaine with intent to deliver. The trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for a term of seven years. In July 2012, the State filed a motion to proceed with an adjudication of guilt, alleging three violations of the terms and conditions of community supervision. The State subsequently filed an amended motion to proceed, alleging four

violations of the terms and conditions of community supervision. The trial court heard the motion to proceed on February 21, 2013. Appellant pleaded "true" to three of the alleged violations and "not true" to the remaining alleged violation asserting that Appellant subsequently committed the offense of possession of a controlled substance.[1] Upon receiving evidence, the trial court adjudicated Appellant guilty of the charged offense and assessed her punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years and a fine of $1,000. The trial court did not make an express finding on the record of the alleged violations that it found to be true. The trial court also did not subsequently make findings regarding the alleged violations that it found to be true after Appellant filed a written request for findings of fact and conclusions of law. However, the trial court stated in its Judgment Adjudicating Guilt:

> Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows:
>
> PARAGRAPH 1 – RULE A
> PARAGRAPH 2 – RULE A
> PARAGRAPH 3 – RULE B
> PARAGRAPH 4 – RULE K

Appellant challenges the judgment adjudicating guilt in two issues. In her first issue, she asserts that the trial court erred in failing to make findings of fact on the alleged violations that it found to be true. In her second issue, she challenges the sufficiency of the evidence supporting the revocation of her deferred adjudication community supervision. We affirm.

---

[1]The reporter's record states that Appellant pleaded "[n]ow true" [sic] to the allegation that Appellant had subsequently committed the offense of possession of a controlled substance. However, the trial court expressly accepted Appellant's plea as being "not true."

*Analysis*

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). This determination is reviewable in the same manner used to determine whether sufficient evidence supports the trial court's decision to revoke community supervision. *Id.*; *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.— Eastland 2008, pet. ref'd). In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Antwine*, 268 S.W.3d at 636. A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)) (internal quotation mark omitted).

*Findings of Fact and Conclusions of Law*

In her first issue, Appellant asserts that the trial court violated her due process rights by failing to enter separate findings of fact and conclusions of law after she filed a request for same. Due process in the revocation context requires a hearing, written notice of the claimed violations, disclosure of the evidence against the defendant, an opportunity to be heard and to present witnesses and documentary evidence, a neutral hearing body, and "a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation." *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). When the trial court revokes a defendant's community supervision, due process requires specific written findings of fact if a

3

defendant requests findings of fact be made. *See Whisenant v. State*, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977); *Joseph v. State*, 3 S.W.3d 627, 639 (Tex. App.—Houston [14th Dist.] 1999, no pet.). However, the trial court is not required to issue separate findings if the judgment or revocation order discloses the grounds for revocation found by the court. *See Joseph*, 3 S.W.3d at 640; *see also Reasor v. State*, 281 S.W.3d 129, 136 (Tex. App.—San Antonio 2008, pet. ref'd).

The trial court expressly stated in its judgment that it was revoking Appellant's community supervision based upon its determination that Appellant violated Rules (a), (b), and (k) as alleged in the State's amended motion to adjudicate. Thus, in its judgment, the trial court disclosed the grounds for revocation. Accordingly, the trial court was not required to issue separate findings. *Reasor*, 281 S.W.3d at 136; *Joseph*, 3 S.W.3d at 640. Appellant's first issue is overruled.

## Sufficiency of the Evidence

In her second issue, Appellant challenges the sufficiency of the evidence to show that she violated the terms of her community supervision. Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing the sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the trial court's decision. *Herald v. State*, 67 S.W.3d 292, 293 (Tex. App.—Amarillo 2001, no pet.). The trial judge is the trier of fact and the arbiter of the credibility of the

4

testimony during a hearing on a motion to adjudicate. *See Garrett,* 619 S.W.2d at 174.

We first note that Appellant pleaded "true" to three of the violations alleged by the State. A plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State,* 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *see also Garcia v. State,* 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (stating that proof of a single violation will support revocation of community supervision). When a plea of true is made, the sufficiency of the evidence to support the revocation may not be challenged. *Cole v. State,* 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Hays v. State,* 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). Accordingly, Appellant's "true" pleas were sufficient to support the trial court's revocation of her community supervision and adjudication of guilt. *See Cole,* 578 S.W.2d at 128; *Hays,* 933 S.W.2d at 661.

Additionally, the State offered evidence in support of the alleged violation that Appellant contested. Odessa Police Officer Chris Primeux testified that he stopped Appellant's vehicle on July 10, 2012, for running a red light. He arrested Appellant for driving while intoxicated and possession of methamphetamine. He testified that Appellant was the sole occupant of the car and that the methamphetamine was found inside a purse that was located in the passenger seat next to Appellant. He further testified that Appellant looked through the purse when he asked her for her driver's license.

The record contains evidence supporting the trial court's determination that Appellant violated Rules (a), (b), and (k) of the terms and conditions of her community supervision as alleged by the State and as found by the trial court in its judgment adjudicating guilt. Accordingly, the trial court did not abuse its discretion

5

in finding the alleged violations to be true and proceeding with an adjudication of guilt. Appellant's second issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


March 12, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.